No.   92-586

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

IN RE THE MARRIAGE OF

VIRGINIA ELEANOR FULLERTON,

     Joint Petitioner and Appellant,

  and

HAROLD WILLIAM FULLERTON,

     Joint Petitioner and Respondent.

FILED

MAY 11 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Third Judicial District,
In and for the County of Granite,
The Honorable Ted L. Mizner, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Richard A. Reep, Reep, Spoon, & Gordon, Missoula, Montana

     For Respondent:

          Harry A. Haines and Gail M. Haviland, Worden, Thane & Haines, Missoula, Montana

Submitted on Briefs:   April 15, 1993

Decided:   May 11, 1993

Filed:

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Virginia E. Fullerton (Virginia) appeals the denial of her motion to set aside the Final Decree of Legal Separation and Marital Property Settlement Agreement. In accordance with Rule 59(d) and Rule 60(c), M.R.Civ.P., Virginia's motion was deemed denied after the District Court for the Third Judicial District, Granite County, failed to rule on it within forty-five days of its filing. We reverse and remand.

We address one issue in this appeal:

Did the District Court err in failing to hold a hearing on the motion to set aside the Final Decree of Legal Separation and Marital Property Settlement Agreement?

As there is no transcript of any proceeding in this action and no findings of fact issued by the District Court, we provide a limited statement of facts taken from the pleadings contained in the District Court file and the parties' briefs. Virginia and Harold Fullerton (Harold) were married on May 21, 1971. After a twenty-year marriage, Virginia filed a Petition for Dissolution of Marriage in the Fourth Judicial District, Missoula County, in February 1991. For reasons that are disputed by the parties, Virginia dismissed the Petition for Dissolution on or about March 14, 1991, and her attorney took no further action in representing her.

After the dissolution proceedings were dismissed, Virginia and Harold, as joint petitioners, filed a Petition for Legal Separation and a Marital and Property Settlement Agreement in the

District Court for the Third Judicial District, Granite County, on April 9, 1991. A Final Decree of Legal Separation incorporating the terms of the Property Settlement Agreement (collectively referred to as the Decree) was entered by the District Court on May 7, 1991.

After an attempt to reconcile their marriage failed, Harold asked his counsel to file a motion to convert the Decree into a Decree of Dissolution. However, pursuant to Rule 60(b), M.R.Civ.P., and § 40-4-208(3), MCA, Virginia filed consolidated motions to set aside the Decree on June 25, 1992. Virginia asked the District Court, in the alternative, for an order establishing maintenance and child support payable by Harold. Virginia also asked the District Court to hold an evidentiary hearing on these motions.

For reasons that are unknown to this Court, it was not until August 10, 1992, the last day to rule on Virginia's consolidated motions before they would be deemed denied under Rule 60(c), M.R.Civ.P., that the District Court received the complete file. The same day, the District Court issued a court memo outlining its position on the motion. The District Court reasoned that because of the voluminous and substantial issues to be resolved, it did not have adequate time to make an informed ruling on the motion before the forty-five-day time limit of Rule 60(c), M.R.Civ.P., would expire. In addition, the District Court believed a hearing on the motion was necessary.

3

As a result, the District Court requested that the parties stipulate to an extension of the forty-five-day time limit. The parties stipulated to the extension. However, the District Court was aware that there was an issue as to whether the extension was effective. The District Court stated that if it was concluded that the extension was effective, a hearing would be scheduled. For reasons that are unclear to this Court, Virginia, without further action by the District Court on the extension issue, appealed to this Court.

Did the District Court err in failing to hold a hearing on the motion to set aside the Final Decree of Legal Separation and Marital Property Settlement Agreement?

Harold does not raise the issue of whether the extension of time was effective, resulting in a premature appeal by Virginia to this Court. Therefore, this opinion is limited to the issues raised by Virginia.

Virginia asks this Court to: (1) remand this case to the District Court in order that a hearing can be held on the circumstances surrounding the execution of the Petition for Legal Separation and Property Settlement Agreement; or (2) based upon the evidence before us, hold that the circumstances surrounding the execution of the Petition for Legal Separation and Property Settlement Agreement are unconscionable.

In this appeal we are presented with a substantial amount of material which has not been admitted as evidence by the District

4

Court. In addition, the validity of the conflicting allegations and the underlying facts giving rise to the execution of the Petition for Legal Separation and Property Settlement Agreement have not been addressed by the trier of fact. While this Court is mandated by statute to, in equity cases, "review all questions of fact arising upon the evidence presented in the record . . .," § 3-2-204(5), MCA, we are "not vested with original jurisdiction to try questions of fact de novo." Hoppin v. Lang (1928), 81 Mont. 330, 333, 263 P. 421, 422. Therefore, we will not rule upon the conscionability of the circumstances surrounding the petition and property agreement.

However, because of the magnitude of the allegations raised by Virginia, we agree with the District Court and Virginia that a hearing on the motion is necessary. Virginia alleges the Decree was the result of fraud, misrepresentation, unconscionability, conflict of interest by Harold's lawyer, concealment, and overreaching. Harold denies these allegations and contends Virginia had full knowledge of both the legal proceedings and the assets of the marriage. Harold also contends, as he did before the District Court, that Virginia's consolidated motion was not timely filed. Even so, Harold too agrees that a District Court hearing is necessary.

Given the circumstances surrounding the execution of the Petition for Legal Separation and Property Settlement Agreement, and the circumstances leading to the denial of Virginia's motion to

5

set aside the Decree, we hold that a hearing on Virginia's consolidated motion is necessary, unless it is determined that her motion was not timely filed.

We reverse and remand for further proceedings consistent with this opinion.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

6

May 11, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Richard A. Reep
Reep, Spoon & Gordon
P.O. Box 9019
Missoula, MT  59807-9019

Harry A. Haines & Gail M. Haviland
Worden, Thane & Haines
P.O. Box 4747
Missoula, MT  59806

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy